UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALICE HOWELL, INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF
JUSTUS HOWELL, DECEASED,

        *Plaintiff*,

      v.                                  Case No. 16 CV 3949

OFFICER ERIC HILL,                   Judge Thomas M. Durkin

        *Defendant*.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANTS' SPECIAL INTERROGATORIES</u>**

Plaintiff Alice Howell, the independent administrator of the estate of Justus Howell, respectfully submits this memorandum of law in opposition to Defendants' request for special interrogatories in this case.

**BACKGROUND**

Plaintiff has brought a claim against Defendant Eric Hill for, *inter alia*, excessive force in violation of 42 U.S.C. § 1983. Plaintiff proposed that the following general verdict form be used for the excessive force claim:

    Plaintiff's Excessive Force Claim:

    For Plaintiff _____   For Defendant Eric Hill _____

*See* Dkt. 107 at 62.

1

Defendants raised no objection to this general verdict form. *Id.* at 66-67. However, Defendants proposed that the following special interrogatories be used in addition to the general verdict form:

> 1. When Eric Hill shot Justus Howell, did he (Eric Hill) reasonably believe Justus Howell had a gun in his hand? __ Yes __ No
>
> 2. When Eric Hill shot Justus Howell, did he (Eric Hill) reasonably believe that Justus Howell's actions placed Eric Hill or others in the immediate vicinity in imminent danger of death or great bodily harm? __ Yes __ No

*Id.* at 79.[1]

The Court expressed concern that special interrogatories may be used to test the jury's verdict and may create a risk of inconsistent verdicts. Dkt. 111 at 121:6-15; 124:13-18. The Court requested briefing from the parties on the fact-finding role of judge and jury in a qualified immunity context and the appropriateness of special interrogatories. *Id.* at 123:11-124:13.

## ARGUMENT

### I. The Jury Finds the Facts Relevant to Qualified Immunity

"Qualified immunity is a question of law reserved for the district judge and not the jury, but it must be determined within the framework of the particular facts of the case." *Henderson v.*

---

[1] During the pretrial conference in this matter, Defendants conceded that special interrogatory #2 "is meant to test the verdict," to which the Court responded: "[I]f 2 is just simply a, did the jury really mean it, I'm not going to give a special interrogatory on that. The elements instructions are supposed to cure that issue. And if they find that plaintiff met all the elements, then we don't need to test it with a question saying, 'Did you really mean it?'" Dkt. 111 at 122:4, 124:13-18. As the Court recognized, because the Seventh Circuit Pattern Jury Instructions on excessive force provide that "[a]n officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm," the jury's finding on excessive force will necessarily encompass the answer to special interrogatory #2. Seventh Circuit Pattern Jury Instructions 7.10; *see also Gandy v. Robey*, 520 F. App'x 134, 146 (4th Cir. 2013) (jury's finding of excessive force inconsistent with its finding that defendant had reasonable belief that decedent posed imminent threat of death or serious bodily injury). Thus, to the extent it has not already been withdrawn, special interrogatory #2 should be refused.

*DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991). Following a jury verdict, the "framework of the particular facts of the case" is determined by "view[ing] all the evidence and inferences in the light most favorable to [the party] who prevailed with the jury," and thus "any conflicts in the evidence must be resolved in favor of [that party] and every permissible inference must be drawn in their favor." *Id.* In other words, the jury is responsible for finding the facts relevant to qualified immunity, and the court can determine the facts found by viewing the evidence and drawing all inferences in the light most favorable to the jury's verdict. *See Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012) ("When a qualified immunity defense is pressed after a jury verdict, the evidence must be construed in the light most hospitable to the party that prevailed at trial . . . and deference should be accorded to the jury's discernable resolution of disputed factual issues." (quoting *Jarrett v. Town of Yarmouth*, 331 F.3d 140, 147 (1st Cir. 2003)); *Marshall ex rel. Gossens v. Teske*, 284 F.3d 765, 772 (7th Cir. 2002) (in evaluating qualified immunity following a jury verdict for plaintiff, "the court must ask whether, taken in the light most favorable to the plaintiff, the facts alleged show that the officers' conduct violated a constitutional right").

## II. Special Interrogatories Are Unwarranted

While a district court may use special interrogatories to allow the jury to determine disputed issues bearing on the qualified immunity determination, *Warlick v. Cross*, 969 F.2d 303, 305 (7th Cir. 1992), it is not required to do so. *See, e.g.*, *McNair v. Coffey*, 279 F.3d 463 (7th Cir. 2002); *McGaughey v. City of Chicago*, 690 F. Supp. 707 (N.D. Ill. 1988); *cf. Carlson v. Bukovic*, 621 F.3d 610, 617 (7th Cir. 2010) (no abuse of discretion where court rejected special verdict form containing questions about disputed facts in favor of verdict form asking whether excessive force was used).

For example, in *McNair v. Coffey*, 279 F.3d 463 (7th Cir. 2002), following a general verdict in favor of plaintiffs on their claim for excessive force, the court considered whether the defendants were nevertheless qualifiedly immune, *id.* at 464-65. Given the verdict, the court "assume[d] that the jury resolved all factual disputes in the [plaintiffs'] favor," and it relied on those facts in making its qualified immunity determination, holding that defendants were entitled to qualified immunity. *Id.* at 466-68.

In *McGaughey v. City of Chicago*, 690 F. Supp. 707 (N.D. Ill. 1988), defendants requested "two special interrogatories ostensibly designed to assist the Court on a motion for judgment notwithstanding the verdict on the issue of qualified immunity." *Id.* at 708. The court denied the request, stating that "defendants are attempting to change the standard under which we decide the motion for judgment notwithstanding the verdict," because "[i]nstead of having the Court decide the issue of qualified immunity by viewing the evidence in the light most favorable to the plaintiff as the prevailing party, defendants essentially want to double check the jury verdict." *Id.* The court reasoned that there was no reason to depart from the Seventh Circuit's practice of reviewing qualified immunity determinations following jury verdicts by viewing the evidence in favor of the prevailing plaintiff. *Id.*

Here, there is no reason for the use of special interrogatories. Consistent with Seventh Circuit Pattern Jury Instruction 7.10, the jury will be instructed on the elements of a claim for excessive force, and their resolution of that claim will provide a sufficient factual basis for the Court to rule upon any post-verdict motion based on qualified immunity, viewing the evidence in the light most favorable to the prevailing party.

Moreover, Defendants provide no basis for concluding that the factual issue presented in special interrogatory #1 is dispositive of the issue of qualified immunity. Indeed, Defendants

have emphasized that whether Eric Hill reasonably believed Justus Howell had a gun in his hand is just one of many facts that would be relevant to the qualified immunity determination. *See* Dkt. 111 at 117:15-118:16 ("THE COURT: You mean he could have shot him from the moment he saw him and believed he had a gun . . . . ? MR. DiCIANNI: No, that leaves too many facts out. He's chasing to him, yelling to him . . . . The person is running, continuing to run with a gun in his hand, and there's about to be a confrontation with other police officers."). There is no reason to isolate the sole fact of whether Defendant Hill reasonably believed Justus had a gun in his hand when it is just one of the many facts and circumstances that will bear on the determination of whether Defendant Hill is entitled to qualified immunity. *See Tolliver v. City of Chicago*, 820 F.3d 237, 246 (7th Cir. 2016) (qualified immunity determination made in light of "totality of the[] circumstances").

## CONCLUSION

For the foregoing reasons, Defendants' proposed special interrogatories should be refused.

Respectfully submitted,

March 12, 2018 /s/Andrew Stroth

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com

Carlton Odim
Odim Law Offices
225 West Washington Street
Suite 2200
Chicago, Illinois 60606
Tel: (312) 578-9390
Fax: (312) 924-0201
carlton@odimlawoffices.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      I certify that on March 12, 2018, the foregoing Memorandum of Law in Opposition to Defendants' Special Interrogatories was filed electronically with the Court. Notice of this filing will be accomplished pursuant to ECF as to Filing Users and shall comply with Local Rules as to any party who is not a Filing User or represented by a Filing User. Parties may access this filing through the Court's system.

                                                             /s/ Michelle J. Parthum
                                                             Michelle J. Parthum