IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE HOWELL, Independent Administrator of the Estate of JUSTUS HOWELL, deceased,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF ZION, a municipal corporation, OFFICER ERIC HILL, (#47),<br><br>      Defendants. | No. 16-cv-03949 |

## DEFENDANTS' MEMORANDUM REGARDING APPLICATION OF COMPARATIVE FAULT IN THE INSTANT CASE

      The Court has asked for authority for defendants' position that the comparative fault of the decedent should be considered as a damages barring or reducing factor on plaintiff's state law claim. Plaintiff's state law claim is for battery, with the requirement that plaintiff prove willful and wanton conduct pursuant to §2-202 (745 ILCS 10/2-202), and §2-109 (745 ILCS 10/2-109), of the Illinois Tort Immunity Act. If plaintiff prevails on the state law claim, the jury will have concluded that plaintiff has proven willful and wanton conduct. Wilful and wanton conduct under Illinois law encompasses a range of fault, from recklessness to intentional fault. Wilful and wanton conduct under the Illinois Tort Immunity Act is defined as follows:

> "Willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

745 ILCS 10/1-210. The Illinois Pattern Instruction defining willful and wanton conduct is identical. I.P.I. 14.01.

In *Poole v. City of Rolling Meadows*, 167 Il. 2d 41, 48 (1995), the Illinois Supreme Court held that where a defendant's willful and wanton conduct is of the reckless type, the injured party's comparative fault is a defense. Where the defendant's willful and wanton conduct is of the intentional type, the injured party's comparative fault is not a defense. In *Poole* the defendant police officer shot the resident of a home while the officer was investigating a call of a burglary in progress at the home. The jury returned a verdict in favor of the plaintiff on willful and wanton conduct, and also found comparative fault of the plaintiff. The case was appealed on the question of whether comparative fault was a defense, and the Illinois Supreme Court held that it would have been a damages reducing or barring defense if the defendant's willful and wanton conduct was the reckless type, but not if it was the intentional type. Because the jury had not been asked to determine the type of willful and wanton conduct, the Supreme Court held that damages could not be reduced for the plaintiff's fault.

This principle is not in dispute. Illinois Pattern Instruction B.21.02.02 includes the plaintiff's fault as a reducing factor on a willful and wanton conduct claim. Many Illinois and federal cases have recognized the concept. *E.g., Ziarko v. Soo Line Railroad*, 161 Ill.2d 267, 280 (1994); *Lorenz v. Pledge*, 2014 IL App (3d) 130137*37, 59, 62-64; *Ries v. City of Chicago*, 396 Ill.App.3d 418, 427 (1st Dist. 2009); *Polansky v. Kelly*, 2011 WL 2941298*3-4 (S.D. Ill.); *Kiswani v. Phoenix Security Agency, Inc.*, 2006 WL 463383*3 (N.D. Ill.); *Estate of Keys v. City of Harvey*, 1996 WL 19931*1 (N.D. Ill).

In the instant case, the jury has been instructed on both aspects of willful and wanton conduct. Based on *Poole*, if the jury finds that defendants were willful and wanton, either the Court, or the jury, will have to determine whether it is of the intentional nature, or the reckless nature. The Supreme Court in *Poole* looked to a special interrogatory to resolve that question.

In the instant case, a special interrogatory could be a way to resolve such a question, but defendants submit that the Court can decide that the only type of willful and wanton conduct the defendants could have even arguably committed is the reckless type. There certainly was no deliberate intention to harm. The intention here was to stop a threat that defendant Hill perceived, reasonably or unreasonably. Plaintiff conceded in her closing argument that defendant Hill "made a mistake." There is no deliberateness to a mistake, so the jury could only decide the reckless type of willful and wanton conduct. As a result, if the jury finds defendants willful and wanton, the Court should either rule that only the reckless form of it was proven and give comparative fault instructions, or give the jury a special interrogatory with an instruction applying comparative fault if they find the less than deliberate form of willful and wanton conduct.

                              Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.

                              By: _/s/ Thomas G. DiCianni_
                                  Thomas G. DiCianni

Thomas G. DiCianni / ARDC #03127041
tdicianni@ancelglink.com
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2018, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM REGARDING APPLICATION OF COMPARATIVE FAULT IN THE INSTANT CASE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive / Suite 2300
Chicago, IL 60606
astroth@actioninjurylawgroup.com

Carlton Odim
Odim Law Offices
225 West Washington Street / Suite 2200
Chicago, IL 60606
codim@actioninjurylawgroup.com
carlton@odimlawoffices.com

Craig Benson Futterman
Mandel Legal Aid Clinic
6020 South University Avenue
Chicago, IL 60637
futterman@uchicago.edu

Megan Cunniff Church
MoloLamken LLP
300 North LaSalle Street / Suite 5350
Chicago, IL 60654
mchurch@mololamken.com

    /s/ Thomas G. DiCianni
THOMAS G. DiCIANNI / ARDC # 03127041
One of the attorneys for Defendants

ANCEL, GLINK, DIAMOND, BUSH,
DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:   (312) 782-9183
Facsimile:    (312) 782-0943

E-Mail: tdicianni@ancelglink.com

4829-5931-5295, v. 1

5